## WOOD vs. HAMBLY.

*Fourth Judicial District Court, April,* 1857.

CORPORATIONS—INJUNCTION.

Officers of a Corporation having been elected and having entered upon their official duties, must be regarded as officers *de facto,* until ousted in a proceeding to determine their rights *de jure.*

The complaint must be framed with a view of obtaining the exact remedy sought, and the Court will not consider affidavits introduced in an action, which set forth facts in variance with the relief sought in the complaint.

Motion to dissolve an injunction.

*Cook & Fenner,* for plaintiff.

*Hoge & Wilson*, and *Wm. Duer*, for defendant.

HAGER, J.—By the evidence introduced upon the hearing of this motion, it abundantly appears that the defendant Hambly, and his associates, were at the last annual meeting of the Mountain Lake Water Company, elected trustees of that Company, and that defendants Hambly and Sterritt were respectively elected President and Secretary thereof. Whether or not this election was valid, or was legally conducted, cannot be determined in this action. But its having taken place, been declared, and the trustees and officers having been installed into office, and entered upon the performance of their duties, they must be regarded as the *de facto* officers of the corporation, until by a direct proceeding to determine the officers, etc., *de jure*, it shall be held otherwise and they be ousted.

By the injunction in this action the defendants are restrained from doing certain things, which, for all that appears, may be incumbent upon them to do as officers of the corporation. The allegations of the complaint are, and the injunction order was made upon the supposition, that the defendants were not the *de facto* officers of the corporation, but wrongdoers, pretending to act as the officers, in violation of the rights of the stockholders, and in disregard of the authority of the regular officers of the corporation. By the proofs, a contrary state of facts appearing, the injunction was improperly obtained. Many of the affidavits of the plaintiff appear to have been introduced with a view of showing that the defendants have threatened, and are about to act prejudicially to, and in violation of the rights of the stockholders, and for that reason, it is argued, that the injunction should be sustained. A Court of equity may no doubt interpose to protect the rights and interests of stockholders, and will grant its injunction to restrain the officers of a corporation from transcending their powers, or doing any act in violation of the individual rights of its members. But the complaint in this case is not framed with a view of obtaining such relief; it denies the facts of defendants being officers, or of their having any authority to act for the corporation. To obtain relief in this respect, plaintiffs may institute another action against defendants, as officers, and upon a proper showing no doubt an injunction may be obtained. This injunction is dissolved.